1  Elizabeth L. Kolar, Esq. (SBN 168935)
2  Tami S. Crosby, Esq. (SBN 129021)
   **KOLAR & ASSOCIATES,**
3  **A LAW CORPORATION**
4  12241 Newport Avenue
   Santa Ana, California 92705
5  Tel    :   (714) 544-0041
   Fax    :   (714) 544-0051
6  E-Mail       :   tami@kolarandassociates.com
7
   Attorneys for Defendants/Cross-Complainant,
8  **ORDERYOURCARS.COM, INC. DBA**
   **BEST BUY QUALITY CARS, ALLY**
9  **BANK AND AMERICAN**
   **CONTRACTORS INDEMNITY**
10 **COMPANY**
11 MARY KATE SULLIVAN (State Bar No. 180203)
   mks@severson.com
12 BENJAMIN J. HOWARD (State Bar No. 320682)
   bjh@severson.com
13 **SEVERSON & WERSON**
   A Professional Corporation
14 595 Market Street, Suite 2600
   San Francisco, California 94105
15 Telephone: (415) 398-3344
   Facsimile: (415) 956-0439
16
   Attorneys for Defendant,
17 **ALLY BANK**

18           **UNITED STATES DISTRICT COURT**

19    **CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

20 HEATHER CRAM,                          ) Case No.:
                                          )
21            Plaintiff,                  ) **DEFENDANTS' NOTICE OF**
                                          ) **REMOVAL TO FEDERAL COURT**
22      v.                                )
                                          ) Complaint Filed:     09/19/2022
23 ORDERYOURCARS.COM, INC. d/b/a          )
   BEST BUY QUALITY CARS; ALLY            )
24 BANK;              AMERICAN            )
   CONTRACTORS       INDEMNITY            )
25 COMPANY;    and   DOES    1-50,        )
   inclusive,                             )
26                                        )
              Defendants.                 )
27                                        )
                                          )
28 _____      )

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT

| | |
|---|---|
| 1 | |
| 2 | ORDERYOURCARS.COM, INC. DBA BEST BUY QUALITY CARS, |
| 3 | Cross-Complainant, |
| 4 | vs. |
| 5 | HEATHER CRAM and ROES 1-50, inclusive, |
| 6 | |
| 7 | Cross-Defendants. |
| 8 | |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendants ORDERYOURCARS.COM, INC. dba BEST BUY QUALITY CARS, ALLY BANK and AMERICAN CONTRACTORS INDEMNITY COMPANY (hereinafter collectively "Defendants") provide notice that, pursuant to 28 U.S.C. section 1441, said Defendants remove to this Court the state court action titled *HEATHER CRAM v. ORDERYOURCARS.COM, INC. d/b/a BEST BUY QUALITY CARS; ALLY BANK; AMERICAN CONTRACTORS INDEMNITY COMPANY; and DOES 1-50, inclusive*, Superior Court of the State of California, County of Los Angeles, Court Case No. 22NWCV00849.

The following is a short and plain statement of the grounds for removal:

**THE STATE COURT COMPLAINT**

1. On September 19, 2022, Plaintiff, HEATHER CRAM (hereinafter "Plaintiff"), commenced a civil action in the State of California, County of Los Angeles, by filing a Complaint against Defendants, identified as Court Case No. 22NWCV00849. The Complaint arises from the purchase and finance of a motor vehicle. Plaintiff claims the defendants violated federal law, and thus state law, because the vehicle Plaintiff purchased allegedly suffered from mechanical defects that breached the Express and Implied Warranties pursuant to the Magnuson-Moss

Warranty Act. Plaintiff purchased the subject vehicle "AS IS," with no warranty. Yet, she sues the selling dealership (ORDERYOURCARS.COM, INC. dba BEST BUY QUALITY CARS), its bond carrier (AMERICAN CONTRACTORS INDEMNITY COMPANY) and the lender (ALLY BANK), who financed Plaintiff's purchase of the subject vehicle and is the holder of the purchase contract.

2.     Attached hereto as **Exhibit A**, is a copy of the state court file for this action, including all pleadings, process, and orders served on Defendants in the state court action as of October 21, 2022. See 28 U.S.C. § 1446(a). Also, on October 21, 2022, Defendants filed an Answer in state court. Defendants will provide the federal court with a copy of the state court file-stamped version of their Answer as soon as it is available.

## FEDERAL QUESTION JURISDICTION EXISTS BECAUSE PLAINTIFF'S CLAIMS NECESSARILY DEPEND ON THE RESOLUTION OF SUBSTANTIAL QUESTIONS OF FEDERAL LAW

3.     Federal courts have original federal question jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States." (28 U.S.C. § 1331.)

4.     Federal question jurisdiction exists whenever a claim "necessarily depends on resolution of substantial questions of federal law," even if the plaintiff does not assert a federal cause of action. See *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27-28 (1983); *see also Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1212 (9th Cir. 1998) (holding that removal is appropriate "although [the plaintiffs] theories are posited as state law claims, they are founded on the defendants' conduct ... the propriety of which must be exclusively determined by federal law").

5.     The U.S. Supreme Court has "recognized for nearly 100 years that in certain cases federal-question jurisdiction will lie over state-law claims that

implicate significant federal issues "*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). This "doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." (*Id.*) A federal court should exercise jurisdiction based on a state law claim when that claim necessarily raises a "substantial" and disputed federal issue, which a federal court may address without "disturbing any congressionally approved balance of federal and state judicial responsibilities." (*Id.*) at 314.

6.      Here, Plaintiff has specifically asserted a cause of action under federal law and therefore, this cause of action necessarily depends upon the resolution of one or more substantial questions of federal law. Plaintiff's Third Cause of Action raises a federal question in that it is specifically titled Breach of Express and Implied Warranty and notes in the body of the Complaint that it is being brough pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301. Thus, Federal question jurisdiction exists because Defendants' liability turns on federal law under 15 U.S.C. § 2301.

7.      Plaintiff alleges that Defendants violated several sections of 15 U.S.C. § 2301, et seq. (See Complaint at ¶¶ 42-57). Based upon these alleged violations of federal law, Plaintiff asserts causes of action for violation of the Consumers Legal Remedies Act ("CLRA"), codified at California *Civil Code* § 1750, et seq.; Violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, et seq.); Negligence, Negligent Misrepresentation and Violation of Cal. Vehicle Code § 11711. As alleged, these state law causes of action necessarily depend on a violation of 15 U.S.C. § 2301 et seq.

8.      Plaintiff's specific allegations can be found at ¶¶ 42-57 of the Complaint. However, the crux of these allegations contend that the defendants

breached the express and implied warranties set forth under the Magnuson-Moss Warranty Act because the dealership allegedly knew of the defects and non-conformities in the subject vehicle prior to the sale of the vehicle to the plaintiff and did not repair the defects within the warranty period.

9.     Thus, central issues in this dispute are relevant to whether the defendants violated federal requirements under the Magnuson-Moss Warranty Act. If no violations of Magnuson-Moss Warranty Act are found, then the defendants cannot be found to have violated the CLRA or committed fraud or misrepresentations on those bases. For this reason, this one cause of action necessarily turns on this substantial question of federal law.

10.     Further, based upon the damages sought by the plaintiff, it is clear that the aggregate damages she is seeking far exceed the $50,000.00 amount in controversy requirement set out in the Magnuson-Moss Warranty Act at 15 U.S.C. § 2310(d)(3)(B).

11.     <u>Supplemental Jurisdiction</u>. To the extent the Court finds there are any claims that do not necessarily depend on the resolution of substantial questions of federal law, the Court should exercise supplemental jurisdiction over the remaining claims. All the claims in this action are related to the same vehicle purchase transaction. See 28 U.S.C. § 1367(a); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997).

**<u>THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT</u>**

12.     <u>The Removal Venue Is Proper</u>. Pursuant to 28 U.S.C. Section·1446(a), Defendants file this Notice of Removal in the U.S. District Court for the Central District of California, Southern Division. This venue is proper because Plaintiff originally filed this action in the California Superior Court for the County of Los Angeles.

13.     <u>The Removal Is Timely</u>. Pursuant to 28 U.S.C. Section 1446(b), Defendants filed this Notice of Removal within thirty days of service of the

Summons and Complaint. (*See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). Plaintiff filed this action on September 19, 2022 and served the defendants on September 21, 2022. The defendants collectively filed this notice of removal thirty days from service. The Defendants have therefore timely removed this action. (*See Destjino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011).)

14.    <u>Consent</u>. All Defendants have consented to and are parties to this removal. The defendants are not required to investigate the identities of the unnamed Doe Defendants or to obtain their consent for removal. (*See Necombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); 8 28 U.S.C. § 144l(a).

15.    <u>Notice To Plaintiffs and the Superior Court</u>. In compliance with 28 U.S.C. Section 1446(d), Defendants will serve written notice of the filing of this Notice of Removal on all parties and will also file and serve an appropriate notice with the California Superior Court for the County of Los Angeles.

## <u>CONCLUSION</u>

For these reasons, this Court has jurisdiction and Defendants request that this Court proceed with this matter as if Plaintiff had originally filed her Complaint in the U.S. District Court for the Central District of California, Southern Division.

DATED:  October 21, 2022            **KOLAR & ASSOCIATES,**
**A LAW CORPORATION**


By:    _____*/s/ Tami S. Crosby*_____
ELIZABETH L. KOLAR, ESQ.
TAMI S. CROSBY, ESQ.
Attorneys for Defendants/Cross-Complainant,
**ORDERYOURCARS.COM, INC.**
**DBA BEST BUY QUALITY CARS,**
**ALLY BANK AND AMERICAN**
**CONTRACTORS INDEMNITY**
**COMPANY**

**Exhibit A**

ctronically FILED by Superior Court of California, County of Los Angeles on 09/19/2022 04:18 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Ceballos,Deputy Clerk

Case 8:22-cv-01940   Document 1   Filed 10/21/22   Page 8 of 42   Page ID #:8

**SUM-100**

# SUMMONS
## (CITATION JUDICIAL)

|  | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ORDERYOURCARS.COM, INC. d/b/a BEST BUY QUALITY CARS;
ALLY BANK; AMERICAN CONTRACTORS INDEMNITY COMPANY;
and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

HEATHER CRAM

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Norwalk Courthouse<br><br>12720 Norwalk Blvd.<br>Norwalk, CA 90650 | 22NWCV00849 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Raphael E. Davis; Lemon-Aid Legal, APC; 420 Exchange, Ste 270, Irvine, CA 92602; (949) 662-2132

| DATE:<br>*(Fecha)* | 09/19/2022 | Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by<br>*(Secretario)* | M. Ceballos | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **ORDERYOURCARS.COM, INC. d/b/a BEST BUY QUALITY CARS**

   under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

ctronically FILED by Superior Court of California, County of Los Angeles on 09/19/2022 04:07 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Ceballos,Deputy Clerk

Case 8:22-cv-01940 Document 1 Filed 10/21/22 Page 9 of 42 Page ID #:9
Assigned for all purposes to: Norwalk Courthouse, Judicial Officer: Margaret Bernal

**Lemon-Aid Legal, APC**
Raphael E. Davis (SBN: 326269)
rd@lemonaidlegal.com
420 Exchange, Suite 270
Irvine, California 92602
Telephone: (949) 662-2132
Facsimile: (949) 274-4755

Attorneys for Plaintiff, HEATHER CRAM

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| HEATHER CRAM<br><br>Plaintiff,<br><br>v.<br><br>ORDERYOURCARS.COM, INC. d/b/a BEST BUY QUALITY CARS; ALLY BANK; AMERICAN CONTRACTORS INDEMNITY COMPANY; and DOES 1-50, inclusive,<br><br>Defendants. | **CASE NO.:** 22NWCV00849<br><br>**PLAINTIFF'S COMPLAINT BASED ON:**<br><br>1. **Violation of California's Consumer Legal Remedies Act;**<br>2. **Violation of Unfair Competition Law;**<br>3. **Breach of Express and Implied Warranties pursuant to Magnuson-Moss Warranty Act;**<br>4. **Fraud;**<br>5. **Negligent Misrepresentation;**<br>6. **Negligence;**<br>7. **Violation of Vehicle Code §11711**<br><br>**UNLIMITED JURISDICTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, as and for its Complaint against Defendants, alleges the following:

### INTRODUCTORY ALLEGATIONS

1. Plaintiff, HEATHER CRAM (hereafter "Plaintiff"), purchased the vehicle that is the subject of this action in the city of Bellflower, County of Los Angeles. The location where the subject transaction occurred was 17418 Lakewood Blvd, Bellflower, CA 90706.

2. Plaintiff is informed and believes and thereupon alleges that defendant ORDERYOURCARS.COM, INC., doing business as Best Buy Quality Cars (hereinafter "DEALERSHIP") is and, at all times relevant herein, was a corporation organized and existing

under the laws of the State of California.  DEALERSHIP's location in Bellflower, CA is where the subject vehicle sales transaction occurred.  DEALERSHIP is a licensed dealership through the California Department of Motor Vehicles to sell automobiles.  DEALERSHIP's license number is 42347.

3. Defendant AMERICAN CONTRACTORS INDEMINTY COMPANY., a California Corporation (hereafter "AMERICAN CONTRACTORS" or "Surety,") issued a bond (Bond No. 100380792) to Defendant DEALERSHIP as required by Vehicle Code §17100 and is therefore liable for the illegal conduct of the Dealer, Owner, and Does 1 through 50 as stated in this Complaint.

4. Plaintiff is informed and believes and thereupon alleges that defendant Ally Bank. (hereinafter "ALLY") is and, at all times relevant herein was a corporation organized and existing under the laws of the United States.  ALLY accepted assignment of the subject vehicle purchase contract from DEALERSHIP and is the assignee and holder of said contract.  As assignee and holder, ALLY is subject to all claims, equities, and defenses Plaintiff can assert against DEALERSHIP.

5. Plaintiff does not know the true names and capacities of defendants sued herein as DOES 1-50, Inclusive and therefore sues them by fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and herby alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages were proximately caused by such occurrences.  Plaintiff will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named defendants, together with appropriate charging allegations, when ascertained.

6. Plaintiff is informed and believes, and on that basis alleges that at all times mentioned herein each defendant, whether actually or fictitiously named herein, was the principal, agent (actual or ostensible), or employee of each other defendant, and in acting as a such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth, by reason of which each defendant is liable to Plaintiff for the

1 | relief prayed for herein.

2 |    7. Plaintiff is informed and believes that the defendants, and each of them, agreed and

3 | conspired amongst themselves to commit the acts, practices, conduct, and statutory violations to

4 | the detriment of Plaintiff, as herein alleged, and that the actions of the defendants and each of

5 | them as herein alleged were in furtherance of such conspiracy.  Furthermore, the defendants and

6 | each of them ratified and assisted with the wrongful conduct of the remaining defendant with

7 | knowledge that such ratification and assistance were damaging to Plaintiff.

8 | **JURISDICTION AND VENUE**

9 |    8.  This Court has jurisdiction over all causes of action asserted herein.

10 |    9.  Venue is proper in this Court because Defendant has received substantial compensation

11 | from sales in this County.  Specifically, Defendant knowingly engages in activities directed at

12 | consumers in this County.  Plaintiff has filed concurrently with his original Complaint the

13 | declaration of venue required by Civil Code Section 1780(d) and is attached thereto as

14 | **Exhibit 1.**

15 |    10.  Defendant and other out-of-state participants can be brought before this Court pursuant

16 | to California's "long-arm" jurisdictional statute.

17 | **STATEMENT OF FACTS**

18 |    11.  On May 27, 2021, DEALERSHIP sold a 2011 Chevrolet Silverado 1500

19 | ("SILVERADO") to Plaintiff.  DEALERSHIP and Plaintiff signed a Retail Installment Sale

20 | Contract for the purchase of the SILVERADO.

21 |    12.  The Plaintiff signed a Retail Installment Sale Contract ("CONTRACT"), paid a

22 | $10,000.00 cash down payment, and took possession of the SILVERADO on May 28, 2021.

23 | The CONTRACT was subsequently assigned to ALLY.

24 |    13.  DEALERSHIP committed various illegal acts in executing the CONTRACT and

25 | throughout the purchase transaction.  DEALERSHIP mispresented Plaintiff's rights, failed to

26 | comply with state and federal emission law, and violated a California law when selling the

27 | SILVERADO to Plaintiff.  Plaintiff requested and was not provided a valid smog inspection

28 | certificate when requested of by DEALERSHIP.  Plaintiff subsequently learned through a

search of the Bureau of Automotive Repair website that the vehicle passed a Smog inspection on May 29, 2021, however, the vehicle was released to Plaintiff on May 28, 2021 and Plaintiff did not take it in for a Smog inspection on the day it was reported to have been inspected.

14. In violation of the Vehicle Code, DEALERSHIP failed to complete a smog inspection on the vehicle prior to selling it to Plaintiff.

15. Vehicle Code section 24007(b)(2) requires that a seller of a vehicle provide the buyer with a valid smog inspection certification at the time of the sale or transfer. Health and Safety Code section 4401.5 states that is the responsibility of the selling dealer to perform a smog inspection prior to retail sale. In this case, where a smog was not performed prior to sale, DEALERSHIP violated Vehicle Code section 24007(b)(1). Which prohibit the sale of a used vehicle that has not passed a smog inspection.

16. To induce Plaintiff to purchase the SILVERADO, DEALERSHIP made several omissions and misrepresentations of fact, including:

    a.   misrepresenting that the SILVERADO was in a safe, sound and merchantable condition, had been inspected and was without major defects, and concealing and failing to disclose that the SILVERADO had significant defects and was unmerchantable

    b.   Concealing and failing to disclose that at the time of sale the SILVERADO had significant engine damage which would result in dangerous and catastrophic mechanical failure.

17. On or about May 28, 2021, Plaintiff picked up the SILVERADO from DEALERSHIP. While Plaintiff driving the vehicle home from DEALERSHIP the "Check Engine" notification illuminated on the dashboard, however, Plaintiff believed the notification illuminated due to her failure to tighten the gas cap after filling up the vehicle at a local gas station while driving home. Upon tightening the gas cap, Plaintiff assumed that after a few days the light would automatically extinguish.

18. When the "Check Engine" notification on the SILVERADO failed to extinguish after a couple of day, Plaintiff made an appointment to have the vehicle serviced at an authorized

Chevrolet service center. Plaintiff's appointment was set for June 4, 2021.  As a result of this service appointment, Plaintiff discovered the SILVERADO warranted a complete teardown of the engine to determine the issue for the "Check Engine" illumination.   Upon completion of the engine teardown diagnose, it was determined the SILERADO had sustained severe damage to the engine prior to purchasing the vehicle, as the type of damage discovered could not be accomplished in only 300 miles of ownership.

19.  Plaintiff is informed and believes that DEALERSHIP knew of the damage to the vehicle prior to the sale and failed to disclose to Plaintiff the existence of this damage.  As such, DEALERSHIP knowingly, and willfully misrepresented that the vehicle was safe and mechanically sound, when in fact it knew it was not.

20.  As a result of the engine defect the SILVERADO's was out of service for approximately two months as DEALERSHIP misrepresented the quality and safety of the vehicle, as well as causing it to be a danger to Plaintiff and the public when operated.

21.  On May 13, 2022, Plaintiff sent a notice and demand pursuant to Civil Code Section 1782 (hereinafter "1782 Notice"), via certified mail with return receipt requested, to DEALERSHIP.  DEALERSHIP did not offer or provide any remedy within thirty days of receiving the 1782 Notice.

## FIRST CAUSE OF ACTION

### [VIOLATION OF CONSUMER LEGAL REMEDIES ACT AGAINST
### DEALERSHIP AND DOES 1-50]

22.  Plaintiff expressly incorporates by reference every allegation contained in this Complaint as though fully set forth in the preceding paragraphs.

23.  The SILVERADO is a "good" as that term is defined by Civil Code Section 1761(a).

24.  The financing for purchase of the SILVERADO by DEALERSHIP and ALLY is a "service" as that term is defined by Civil Code Section 1761(b).

25.  Defendants are "persons" as that term is defined by Civil Code Section 1761(d).

26.  Plaintiff is a "consumer" as that term is defined by Civil Code Section 1761(d).

27.  The CONTRACT is a "transaction" as that term is defined by Civil Code Section

1761(e).

28. Defendants violate the following provision of the Consumer Legal Remedies Act.

    a. Civil Code Section 1770(a)(2):  DEALERSHIP misrepresented the approval or certification of the SILVERADO;

    b. Civil Code Section 1770(a)(5):  DEALERSHIP represented that the SILVERADO had characteristics, uses, and/or benefits that it did not have;

    c. Civil Code Section 1770(a)(6):  DEALERSHIP represented that the SILVERADO was original or new though it had deteriorated unreasonably or was altered, reconditioned, reclaimed, used, or secondhand;

    d. Civil Code Section 1770(a)(7):  DEALERSHIP misrepresented the standard, quality, or grade of the SILVERADO;

    e. Civil Code Section 1770(a)(9):  DEALERSHIP advertised the SILVERADO with the intent not to sell it as advertised;

    f. Civil Code Section 1770(a)(14):  DEALERSHIP represented that the SILVERADO conferred rights, remedies and obligations, which it did not; and

    g. Civil Code Section 1770(a)(16):  DEALERSHIP misrepresented that the SILVERADO had been supplied in accordance of previous representation when it had not.

29. Plaintiff sent the 1782 Notice to DEALERSHIP, via certified mail with return receipt requested.  DEALERSHIP did not provide or offer any remedy within thirty days of receiving the 1782 Notice.

30. As assignee and holder of the CONTRACT, ALLY, is subject to all claims, equities, and defenses Plaintiff has against the original seller, DEALERSHIP, pursuant to Civil Code Section 2983.5 and the Holder Notice in the CONTRACT.

31. As a result of the unfair and deceptive acts of defendants, Plaintiff has suffered damages estimated to be over $28,000.00.  Plaintiff prays for these damages pursuant to Civil Code Section 1780(a)(1) and punitive damages pursuant to Civil Code Section 1780(a)(4).  Plaintiff also prays for any other relief the Court deems proper pursuant to Civil Code Section

1  1780(a)(5), including rescission.

2     32.  Additionally, Plaintiff prays for the court costs and attorney's fee pursuant to Civil

3  Code Section 1780(e).

4                              **SECOND CAUSE OF ACTION**

5     **[VIOLATION OF UNFAIR COMPETITION LAW AGAINST ALL DEFENDANTS**

6                          **EXCEPT AMERICAN CONTRACTORS ]**

7     33.  Plaintiff expressly incorporates by reference every allegation contained in this

8  Complaint as though fully set forth in the preceding paragraphs.

9     34.  By engaging in the acts and practices alleged herein, DEALERSHIP has committed acts

10  of unfair competition such as are prohibited by Business and Professions Code Section 17200.

11    35.  The Defendant's practices are unlawful insomuch as the violate Civil Code Section

12  1709, 1710, 1770 (Consumer Legal Remedies Act), 1791.1, and Vehicle Code Sections 9990.

13    36.  Defendants' business practices are unfair in that they offend public policy, are immoral,

14  unethical, oppressive, and unscrupulous, and have caused substantial injury.  DEALERSHIP is

15  a licensed dealer in a regulated industry that used it superior knowledge of automobiles and the

16  automobile industry to deceive and damage Plaintiff.  Plaintiff could not have reasonably

17  avoided this injury.

18    37.  DEALERSHIP's business practices are fraudulent in that members of the public, such

19  as Plaintiff, are likely to be deceived when purchasing vehicles.

20    38.  Plaintiff has suffered economic injury and could not have reasonably avoided this

21  injury.

22    39.  Pursuant to Business and Professions Code Section 17203 the Court is authorized to

23  make such orders and judgments as may be necessary, including injunctive, declaratory, and

24  restitutionary relief, to prevent defendant from employing these unfair business practices onto

25  the general public.

26    40.  Plaintiff seeks rescission of the CONTRACT and restitution of all monies paid.

27    41.  Plaintiff has also incurred reasonable attorney fees and costs as a result of defendant's

28  unfair, unlawful, and fraudulent conduct.  Attorney fees and costs are awardable where the

1  CONTRACT authorizes such an award, where a statute authorizes such an award, or where a

2  fee award is authorized pursuant to the Court's equitable powers.  In the present case, the

3  Consumer Legal Remedies Act and the Song-Berverly Consumer Warranty act entitle Plaintiff to

4  recover attorney fees and costs.  In addition, the CONTRACT contains an attorney fees and cost

5  provision that is made reciprocal by Civil Code Section 1717.

## THIRD CAUSE OF ACTION

### [BREACH OF EXPRESS AND IMPLIED WARRANTIES AGAINST ALL DEFENDANTS EXCEPT AMERICAN CONTRACTORS]

42.  Plaintiff expressly incorporates by reference every allegation contained in this Complaint as though fully set forth in the preceding paragraphs.

43.  Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter referred to as the "Warranty Act), 15 U.S.C §2301(3).

44.  DEALERSHIP is a "supplier" and a "warrantor." 15 U.S. C. § 2301(4) and (5).

45.  The SILVERADO is a "consumer product." 15 U.S.C. § 2301(1).

46.  The SILVERADO was manufactured and sold after July 4, 1975.

47.  ALLY, as assignee of DEALERSHIP, is a "seller" and "warrantor" as defined in the Warranty Act and by state laws.

48.  The sale of the SILVERADO included the sale of a "service contract."  15 U.S.C. §2301(8).

49.  DEALERSHIP was prohibited from disclaiming any implied warranty accompanying the sale of the VEHICLE to Plaintiff.  15 U.S.C. §2308(a)

50.  The defects and nonconformities present in this SILVERADO when it was delivered to Plaintiff, and the defects and nonconformities that were present thereafter, manifested themselves within the applicable implied warranty period. Those defects and nonconformities substantially impair the use, value and/or safety of the vehicle.

51.  Plaintiff requested of DEALERSHIP to service and repair the SILVERADO for defects, as stated above which were present within the period of the implied warranty that accompanied the sale of the SILVERADO to Plaintiff.

52.   DEALERSHIP was adequately notified of these defects and had reasonable opportunity to remedy them. DEALERSHIP has been unable or unwilling to conform the SILVERADO to its implied warranty.

53.   At the time of the sale of the SILVERADO, DEALERSHIP knew, and should have known, that it was required by law to repair and maintain the utility or performance of the SILVERADO, pursuant to the implied warranty, or to repurchase or replace the SILVERADO.

54.   The acts of DEALERSHIP in failing or refusing to repair the SILVERADO so as to bring it into conformity with the implied warranties, and refusing or failing to replace the SILVERADO or refund Plaintiff's purchase price, were willful and deprived Plaintiff of rights guaranteed under the Warranty Act.

55.   Plaintiff has performed each and every duty required of Plaintiff under the provisions of the Warranty Act, except as may have been excused or prevented by the conduct of DEALERSHIP, as herein alleged.

56.   The above-described actions and/or omissions on the part of DEALERSHIP constitute a breach of the implied warranties by DEALERSHIP and are actionable. 15 U.S.C. § 2310(d).

57.   Plaintiff is justifiably entitled to revoke and hereby revokes acceptance of this SILVERADO under the Warranty Act, and is thereby entitled to receive restitution in the form of reimbursement of all monies paid on the SILVERADO, and to damages in the form of all out-of-pocket expenses and all other damages, including exemplary and consequential damages upon proof, together with all costs and attorney fees this court deems to have been reasonably incurred.

## FOURTH CAUSE OF ACTION

### [FRAUD AGAINST ALL DEFENDANTS]

58.   Plaintiff expressly incorporates by reference every allegation contained in this Complaint as though fully set forth in the preceding paragraphs.

59.   On or about May 27, 2021, at DEALERSHIP's business location, where the subject traction occurred, was 17418 Lakewood Boulevard, Bellflower, CA 90706, DEALERSHIP's salesperson and finance manager represented to Plaintiff that the SILVERADO was safe and in "excellent condition".

60.   The SILVERADO had, in fact, significant engine defects and required thousands of

1   dollars' worth of repairs to be conducted before the CONTRACT date.  After the CONTRACT

2   date, Plaintiff discovered as a result of having the vehicle inspected at an authorized Chevrolet

3   service center that the SILVERADO had sustained significant engine damage, prior to purchase

4   of the SILVERADO.

5       61.   DEALERSHIP and DOES 1-50, Inclusive, knew or should have known, as a result of

6   an affirmative duty to perform a pre-retail inspection of the SILVERADO, of the existence of

7   the damage to the vehicle.

8       62.   DEALERSHIP asserted as a fact, that which was not true, and did not have any

9   reasonable grounds for believing the assertion be true.  DEALERSHIP suppressed the true

10  history and condition of the SILVERADO though DEALERSHIP was bound to disclose it.

11  DEALERSHIP promised to deliver vehicle in a safe and in good working order without any

12  intention of performing this promise.  In addition, DEALERSHIP asserted as a fact that the

13  SILVERADO was sold in compliance with California Vehicle Code §24007, smogging prior to

14  sale, when it was not.

15      63.   Plaintiff reasonably relied on DEALERSHIP's representations and omissions, signed

16  the CONTRACT, paid a down payment, and took possession of the SILVERADO.  Plaintiff

17  would not have purchased the SILVERADO if the true condition and history of the subject

18  vehicle were known.

19      64.   DEALERSHIP willfully deceived Plaintiff with the intent to induce Plaintiff to

20  purchase and keep the SILVERADO.  DEALERSHIP's actions were performed with malice,

21  oppression, and fraud.  Plaintiff also sent DEALERSHIP a 1782 Notice and DEALERSHIP

22  denied all request made in the 1782 Notice.

23      65.   Plaintiff made DEALERSHIP's management aware of the misrepresentations by

24  contacting the General Manager and then by sending a 1782 Notice.  Plaintiff is informed and

25  believes that DEALERSHIP's management is aware of DEALERSHIP's misrepresentations

26  and has ratified the fraudulent conduct of DEALERSHIP.

27      66.   As a result of DEALERSHIP's deceit, Plaintiff has suffered damages of approximately

28  $28,000.00.  Plaintiff prays for these damages, as well as, for rescission and restitution.

1   Pursuant to Civil Code Section 3294, Plaintiff prays for punitive damages.

2      67.   Plaintiff also prays for reasonable attorney fees and costs pursuant to the attorney fee

3   provisions contained in the CONTRACT, made reciprocal by Civil Code Section 1717.

4      68.   Plaintiff re-alleges and incorporates by reference every allegation contained in this

5   Complaint as though fully set forth in this paragraph.

6      69.   The representations alleged above and made by Defendants were not true. Regardless of

7   their actual belief, Defendants made the representation without any reasonable grounds for

8   believing them to be true.

9      70.   Defendants failed to exercise due care in ascertaining the accuracy of the representations

10   about the Vehicle made to Plaintiff.

11      71.   Plaintiff relied upon those representations and acted in reliance thereon by purchasing

12   the Vehicle.

13      72.   Plaintiff was unaware of the falsity of the representations and acted in reliance upon the

14   truth of those representations and was justified in relying upon those representations.

15      73.   As a direct and proximate result of Defendants' negligent representations of material

16   fact, Plaintiff suffered damages, including all actual, consequential, and incidental damages

17   according to proof at trial.

18                           **FIFTH CAUSE OF ACTION**

19       **[NEGLIGENT MISREPRESENTATION DEALERSHIP AGAINST ALL**

20           **DEFENDANTS EXCEPT AMERICAN CONTRACTORS ]**

21      74.   Plaintiff re-alleges and incorporates by reference every allegation contained in this

22   Complaint as though fully set forth in this paragraph.

23      75.   The representations alleged above and made by Defendants were not true. Regardless of

24   their actual belief, Defendants made the representation without any reasonable grounds for

25   believing them to be true.

26      76.   Defendants failed to exercise due care in ascertaining the accuracy of the representations

27   about the Vehicle made to Plaintiff.

28      77.   Plaintiff relied upon those representations and acted in reliance thereon by purchasing

---

**PLAINTIFF'S COMPLAINT**                                                                          11

the Vehicle.

78.   Plaintiff was unaware of the falsity of the representations and acted in reliance upon the truth of those representations and was justified in relying upon those representations.

79.   As a direct and proximate result of Defendants' negligent representations of material fact, Plaintiff suffered damages, including all actual, consequential, and incidental damages according to proof at trial.

## SIXTH CAUSE OF ACTION

## [NEGLIGENCE AGAINST ALL DEFENDANTS EXCEPT

## AMERICAN CONTRACTORS ]

80.   Plaintiff expressly incorporates by reference every allegation contained in this Complaint as though fully set forth in the preceding paragraphs.

81.   Defendants' conduct, as alleged herein, was negligent and the cause of general and special damages to the Plaintiff.

82.   As a proximate result of such negligent conduct, Plaintiff hereby seeks both general and special damages according to proof from defendants.

## SEVENTH CAUSE OF ACTION

## [VIOLATION OF VEHICLE CODE §11711 AGAINST

## AMERICAN CONTRACTORS ONLY]

83.   Plaintiff re-alleges and incorporates by reference every allegation contained in this Complaint as though fully set forth in this paragraph.

84.   As a condition of obtaining a license from the California DMV to sell vehicles, Defendants were required by Vehicle Code §11710 to obtain a surety bond in the amount of $50,000 and obtained the same from Great American Contemporary Insurance Company.

85.   AMERICAN CONTRACTOS issued Bond No. 100380792 so as to fulfill the obligations under Vehicle Code §11710. This bond was in effect on the dates of the incidents alleged in this Complaint.

86.   Pursuant to Vehicle Code § 1170(a), the bond is issued to ORDERYOURCARS.COM, INC. d/b/a BEST BUY QUALITY CARS, and made payable to "a purchaser" in the case of

1   "fraud" by DEALERSHIP.

2     87.  Plaintiff is a purchaser within the meaning of Vehicle Code 11710(a).  Fraud, as that

3 term is used in Vehicle Code 11710(a) is the same fraud as commonly defined in the law,

4 including fraud as defined in Civil Code §1571, 1572, 1573.  See *Beverly Finance Co. v.*

5 *American Casualty Co. of Reading,* 273 Cal. App. 2d 259 (1969).

6     88.  As set forth herein, Defendants have committed fraud within the meaning of Civil

7 Code §1571, 1572, 1573, and Vehicle Code 11710(a).

8     89.  Vehicle Code §11711(a) provides a consumer with a cause of action against the bond if

9 a dealership committed fraud and/or fails to provide title to the Vehicle. Plaintiff alleges that

10 Defendant DEALERSHIP committed fraud in the sale of the vehicle as discussed above, and/or

11 failed to provide title.

12     90.  AMERICAN CONTRACTORS is liable under the bond to Plaintiff, based on the fraud

13 of DEALERSHIP for the fraudulent acts committed by the principal, in the amount of the

14 purchase price, or such other sum as is established at the time of trial, according to proof.

15 **PRAYER FOR RELIEF**

16   91.  WHEREFORE, Plaintiffs prays for judgment against Defendants as follows:

17       A.    For restitution in an amount equal to the actual price paid or payable by Plaintiff,

18               which exceeds $28,237.31 according to proof at trial;

19       B.    For restitution for any collateral charges such as sales or use tax, license fees,

20               registration fees, and other official fees, according to proof at trial;

21       C.    For incidental and consequential damages including, but not limited to,

22               reasonable repair, towing, and rental car coast actually incurred by Plaintiff,

23               according to proof at trial;

24       D.    For punitive damages based upon fraud, oppression, and/or malice;

25       E.    For injunctive relief as permitted under the Civil Code §1780 and Business &

26               Professions Code Section 17200;

27       F.    For the declaratory and/or equitable relief under the Civil Code §1780 and

28               Business & Professions Code Section 17200;

G.    For statutory damages, where available, including, but not limited to those pursuant to Vehicle Code §5753(e);

H.    For the aggregate amount of costs and expenses, which includes expert witness fees, if applicable, and attorney's fees deemed by this court to have been reasonably incurred as permitted by law including, but not limited to Civil Code §1780(e) and 1794, and Vehicle Code §5753(e);

I.    For prejudgment interest at the legal rate; and

J.    For such other and further relief as the court may deem proper.

### DEMAND FOR JURY TRIAL

92.    Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by jury.

Dated: August 30, 2022                                    LEMON-AID LEGAL, APC


BY: _____
                          RAPHAEL E. DAVIS
                          ATTORNEY FOR PLAINTIFF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

I, Heather Cram, declare as follows:

1.      I am the Plaintiff in this action, and am a citizen of the State of California.  I have personal knowledge of the facts herein and, if called as a witness, I could and would testify competently thereto.

2.      The Complaint in this action, filed concurrently with this Declaration, is filed in the proper place for trial under Civil Code Section 1780(d) in that Los Angeles is a county in which Defendants are doing business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

HEATHER CRAM

# EXHIBIT 2

RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| WEATHER CRAM 7166 MISTAL ST PLACENTIA CA 92870 ORANGE | N/A | BEST BUY QUALITY CARS 17418 LAKEWOOD BLVD BELLFLOWER CA 90706 (562) 866-2626 |

Dealer Number _____  Contract Number _____

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| USED | 201 | CHEVROLET Silverado 1500 | 71066 | 3GCPKSE3XBG101769 | Personal, family or household unless otherwise indicated below. ☐ business or commercial |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of |
|---|---|---|---|---|
| 5 . % | $ 3383 (e) | $ 20689 (e) | $ 24073 (e) | $ 18000 is $ 34073 (e) |

(e) means an estimate

### YOUR PAYMENT SCHEDULE WILL BE:

| Number of Payments: | Amount of Payments: | When Payments Are Due: |
|---|---|---|
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| 65 | 364.75 | Monthly beginning 07/11/21 |
| N/A | N/A | N/A |
| One final payment | 364.75 | 12/11/26 |

Late Charge. If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
Prepayment. If you pay early, you may be charged a minimum finance charge.
Security Interest. You are giving a security interest in the vehicle being purchased.
Additional Information: See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

### ITEMIZATION OF THE AMOUNT FINANCED (Seller may keep part of the amounts paid to others.)

1. **Total Cash Price**
   A. Cash Price of Motor Vehicle and Accessories ... $ 24998 (A)
      1. Cash Price Vehicle ... $ 24998 00
      2. Cash Price Accessories ... $ N/A
      3. Other (Nontaxable) ... $ 295 00
         Describe STOCKING FEE ... $
         Describe N/A ... $ N/A
   B. Document Processing Charge (not a governmental fee) ... $ 65 (B)
   C. Emissions Testing Charge (not a governmental fee) ... $ 60 (C)
   D. (Optional) Theft Deterrent Device(s)
      1. (paid to) N/A ... $ N/A (D1)
      2. (paid to) N/A ... $ N/A (D2)
      3. (paid to) N/A ... $ N/A (D3)
   E. (Optional) Surface Protection Product(s)
      1. (paid to) N/A ... $ N/A (E1)
      2. (paid to) N/A ... $ N/A (E2)
   F. EV Charging Station (paid to) N/A ... $ N/A (F)
   G. Sales Tax (on taxable items in A through F) ... $ 2160 (G)

### STATEMENT OF INSURANCE

NOTICE. No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

**Vehicle Insurance**

|  | Term | Premium |
|---|---|---|
| $ ___ Ded. Comp., Fire & Theft | Mos. | $ ___ |
| $ ___ Ded. Collision | Mos. | $ ___ |
| Bodily Injury $ ___ Limits | Mos. | $ ___ |
| Property Damage $ ___ Limits | Mos. | $ ___ |
| Medical $ ___ N/A | Mos. | $ ___ |
|  | Mos. | $ ___ |

Total Vehicle Insurance Premiums ... $ ___

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X ___
Co-Buyer X N/A
Seller X ___

### OPTIONAL DEBT CANCELLATION AGREEMENT.
A debt cancellation agreement is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy debt cancellation, the charge is shown in item 1K of the Itemization of Amount Financed. See your debt cancellation agreement for details on the terms and conditions it provides. It is a part of this contract.

Term N/A Mos. ___
Debt Cancellation Agreement

I want to buy a debt cancellation agreement.

Buyer Signs X ___

### OPTIONAL SERVICE CONTRACT(S)
You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in item 1I.

| I1 Company ___ | | |
|---|---|---|
| Term ___ Mos. or N/A Miles | | |
| I2 Company N/A | | |
| Term ___ Mos. or ___ Miles | | |
| I3 Company N/A | | |
| Term N/A Mos. or N/A Miles | | |
| I4 Company N/A | | |
| Term N/A Mos. or N/A Miles | | |
| I5 Company N/A | | |
| Term N/A Mos. or N/A Miles | | |

F. EV Charging Station (paid to) _____ N/A _____ $ _____ (F).

G. Sales Tax (on taxable items in A through F) _____ $ _____

H. Electronic Vehicle Registration or Transfer Charge
(not a governmental fee) (paid to) _____ N/A _____ $ _____ (H).

I. (Optional) Service Contract(s)

1. (paid to) _____ GBM _____ $ 2360 _____ (I1)

2. (paid to) _____ N/A _____ $ _____ (I2)

3. (paid to) _____ N/A _____ $ _____ (I3)

4. (paid to) _____ N/A _____ $ _____ (I4)

5. (paid to) _____ N/A _____ $ _____ (I5)

J. Prior Credit or Lease Balance (e) paid by Seller to
Vehicle 1 _____ Vehicle 2 _____ N/A _____ $ _____ (J).
(see downpayment and trade-in calculation)

K. (Optional) Debt Cancellation Agreement _____ $ _____ (K).

L. (Optional) Used Vehicle Contract Cancellation Option Agreement _____ $ _____ (L).

M. Other (paid to) _____ $ _____ (M).
For _____ N/A _____

N. Other (paid to) _____ $ _____ (N).
For _____ N/A _____

Total Cash Price (A through N) _____ $ 29966 _____ (1)

2. Amounts Paid to Public Officials

A. Vehicle License Fees _____ Estimate _____ $ 700 _____ (A)

B. Registration/Transfer/Titling Fees _____ $ 15 _____ (B)

C. California Tire Fees _____ $ _____ (C)

D. Other _____ Smog Abatement/Transfer Fee _____ $ _____ (D)

Total Official Fees (A through D) _____ $ 715 _____ (2)

3. Amount Paid to Insurance Companies
(Total premiums from Statement of Insurance) _____ $ _____ (3)

4. ☐ State Emissions Certification Fee or ☐ State Emissions Exemption Fee _____ $ 8 _____ (4)

5. Subtotal (1 through 4) _____ $ 30689 _____ (5)

6. Total Downpayment

A. Total Agreed Value of Property Being Traded-In (see Trade-In Vehicle(s)): _____ $ N/A _____ (A)
Vehicle 1 $ _____ Vehicle 2 $ _____

B. Total Less Prior Credit or Lease Balance (e) _____ $ N/A _____ (B)
Vehicle 1 $ _____ N/A _____ Vehicle 2 $ _____ N/A _____

C. Total Net Trade-In (A–B) (indicate if negative number) _____ $ N/A _____ (C)
Vehicle 1 $ _____ N/A _____ Vehicle 2 $ _____ N/A _____

D. Deferred Downpayment Payable to Seller _____ $ _____ (D)

E. Manufacturer's Rebate _____ $ _____ (E)

F. Other _____ N/A _____ $ _____ (F)

G. Cash, Cash Equivalent, Check, Credit Card, or Debit Card _____ $ 10000 _____ (G)

Total Downpayment (C through G) _____ $ 10000 _____ (6)
(If negative, enter on line 6 and enter the amount less than zero as a positive number on line 1J above)

7. Amount Financed (5 less 6) _____ $ 20689 _____ (7)

---

I5 Company

Buyer X _____ _____ Miles

### Trade-In Vehicle(s)

1. Vehicle 1

Year _____ Make _____

Model _____ Odometer _____

VIN _____

a. Agreed Value of Property _____ $ _____ N/A

b. Buyer/Co-Buyer Retained Trade Equity _____ $ _____ N/A

c. Agreed Value of Property
Being Traded-In (a–b) _____ $ _____ N/A

d. Prior Credit or Lease Balance _____ $ _____ N/A

e. Net Trade-In (c–d) (must be ≥ 0
for buyer/co-buyer to retain equity) _____ $ _____ N/A

2. Vehicle 2

Year _____ Make _____

Model _____ Odometer _____

VIN _____

a. Agreed Value of Property _____ $ _____ N/A

b. Buyer/Co-Buyer Retained Trade Equity _____ $ _____ N/A

c. Agreed Value of Property
Being Traded-In (a–b) _____ $ _____ N/A

d. Prior Credit or Lease Balance _____ $ _____ N/A

e. Net Trade-In (c–d) (must be ≥ 0
for buyer/co-buyer to retain equity) _____ $ _____ N/A

Total Agreed Value of Property
Being Traded-In (1c+2c) _____ $ _____ N/A

Total Prior Credit or Lease
Balance (1d+2d) _____ $ _____ *

Total Net Trade-In (1e+2e) _____ $ _____ *

(*See item 6A–6C in the Itemization of Amount Financed.)

---

OPTION: ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before _____ N/A _____ , Year _____ N/A _____

SELLER'S INITIALS _____

---

**Trade-In Payoff Agreement:** Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle(s) to arrive at the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s). You understand that the amount quoted is an estimate.

Seller agrees to pay the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s) to the lienholder or lessor of the trade-in vehicle(s), or its designee. If the actual payoff amount is more than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), Seller will refund to you any overage Seller receives from your prior lienholder or lessor. Except as stated in the "NOTICE" on the back of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in Trade-In Vehicle(s) or any refund.

Buyer Signature X _____ Co-Buyer Signature X _____ N/A _____

### AUTO BROKER FEE DISCLOSURE

If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:

☐ Name of autobroker receiving fee, if applicable: _____

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.

Buyer Signs X _____ Co-Buyer Signs X _____ N/A _____

**SELLER'S RIGHT TO CANCEL** If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.

Buyer X _____ Co-Buyer X _____ N/A _____

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
WARNING:

this contract to a financial institution will apply.

Buyer X _____

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.

WARNING:

YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.

FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.

THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

Buyer Signature X _____    X _____

S/S X _____

NO ADDITIONAL TERMS TO BE ENTERED IN THIS BOX

**Notice to buyer:** (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

If you have a complaint concerning this sale, you should try to resolve it with the seller.
Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof. After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.

Buyer Signature X _____    Co-Buyer Signature X _N/A_____

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION**

California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a two-day contract cancellation option on used vehicles with a purchase price of less than forty thousand dollars ($40,000), subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

**YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT.**

Buyer Signature X _____ Date _05/27/2021_ Co-Buyer Signature X _N/A_ Date _05/27/2021_

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other Owner Signature X _____  Address _____

GUARANTY: To induce us to sell the vehicle to Buyer, each person who signs as a Guarantor individually guarantees the payment of this contract. If Buyer fails to pay any money owing on this contract, each Guarantor must pay it when asked. Each Guarantor will be liable for the total amount owing even if other persons also sign as Guarantor, and even if Buyer has a complete defense to Guarantor's demand for reimbursement. Each Guarantor agrees to be liable even if we do one or more of the following: (1) give the Buyer more time to pay one or more payments; (2) give a full or partial release to any other Guarantor; (3) release any security; (4) accept less from the Buyer than the total amount owing; or (5) otherwise reach a settlement relating to this contract or extend the contract. Each Guarantor acknowledges receipt of a completed copy of this contract and guaranty at the time of signing.

Guarantor waives notice of acceptance of this Guaranty, notice of the Buyer's non-payment, non-performance, and default; and notices of the amount owing at any time, and of any demands upon the Buyer.

Guarantor X _____ Date _05/27/2021_  Guarantor X _____ Date _05/27/2021_

Address _____  Address _____

Seller Signs _BEST BUY QUALITY CARS_ Date _05/27/2021_ By X _____ Title _____

**LAW** FORM NO. 553-CA (REV. 7/16)
©2016 The Reynolds and Reynolds Company  TO ORDER: www.reysource.com; 1-800-344-0996; fax 1-800-531-9055
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

CUSTOMER/TRUTH IN LENDING COPY

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Norwalk Courthouse<br>12720 Norwalk Blvd., Norwalk, CA 90650 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**09/19/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Ceballos _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>22NWCV00849 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Margaret Miller Bernal | F | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record     Sherri R. Carter, Executive Officer / Clerk of Court

on 09/20/2022                By M. Ceballos _____, Deputy Clerk
    (Date)

LACIV 190 (Rev 6/18)        **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

## APPLICATION

The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

## COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

## CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

## STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Electronically FILED by Superior Court of California, County of Los Angeles on 09/19/2022 06:00 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Ceballos, Deputy Clerk

Case 8:22-cv-01940    Document 1    Filed 10/21/22    Page 31 of 42    Page ID #:31

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Lemon-Aid Legal, APC
Raphael E. Davis (SBN: 326269)
420 Exchange, Suite 270
Irvine, CA 92602

TELEPHONE NO.: (949) 662-2132    FAX NO.: (949) 274-4755

ATTORNEY FOR *(Name):* Plaintiff, Heather Cram

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 12720 Norwalk Blvd.
MAILING ADDRESS: 12720 Norwalk Blvd.
CITY AND ZIP CODE: Norwalk, 90650
BRANCH NAME: Norwalk Courthouse

CASE NAME:
Cram v. Orderyourcars.com, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 22NWCV00849 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) □ Limited (Amount demanded is $25,000 or less) | □ Counter □ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- □ Auto (22)
- □ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- □ Asbestos (04)
- □ Product liability (24)
- □ Medical malpractice (45)
- □ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- □ Business tort/unfair business practice (07)
- □ Civil rights (08)
- □ Defamation (13)
- □ Fraud (16)
- □ Intellectual property (19)
- □ Professional negligence (25)
- □ Other non-PI/PD/WD tort (35)

**Employment**
- □ Wrongful termination (36)
- □ Other employment (15)

**Contract**
- □ Breach of contract/warranty (06)
- □ Rule 3.740 collections (09)
- □ Other collections (09)
- □ Insurance coverage (18)
- ☑ Other contract (37)

**Real Property**
- □ Eminent domain/Inverse condemnation (14)
- □ Wrongful eviction (33)
- □ Other real property (26)

**Unlawful Detainer**
- □ Commercial (31)
- □ Residential (32)
- □ Drugs (38)

**Judicial Review**
- □ Asset forfeiture (05)
- □ Petition re: arbitration award (11)
- □ Writ of mandate (02)
- □ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- □ Antitrust/Trade regulation (03)
- □ Construction defect (10)
- □ Mass tort (40)
- □ Securities litigation (28)
- □ Environmental/Toxic tort (30)
- □ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- □ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- □ RICO (27)
- □ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- □ Partnership and corporate governance (21)
- □ Other petition *(not specified above)* (43)

2. This case □ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. □ Large number of separately represented parties
   b. □ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. □ Substantial amount of documentary evidence
   d. □ Large number of witnesses
   e. □ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. □ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive

4. Number of causes of action *(specify):* Seven (7)

5. This case □ is ☑ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 16, 2022

Raphael E. Davis
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer*
            *or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
        *domain, landlord/tenant, or*
        *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-*
        *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
        *harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Cram v. Orderyourcars.com, Inc et al. | CASE NUMBER 22NWCV00849 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Cram v. Orderyourcars.com, Inc et al. | CASE NUMBER | |
|---|---|---|

| **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1, 2, 3<br>10 |
| Breach of Contract/ Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case<br>☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| Other Contract (37) | ☑ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

Row groups (left margin labels): Non-Personal Injury/ Property Damage/ Wrongful Death Tort; Employment; Contract; Real Property; Unlawful Detainer

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

SHORT TITLE: Cram v. Orderyourcars.com, Inc et al.

CASE NUMBER

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Cram v. Orderyourcars.com, Inc et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>□ 1. □ 2. ☑ 3. □ 4. ☑ 5. □ 6. □ 7. □ 8. □ 9. □ 10. □ 11. | ADDRESS:<br>17418 Lakewood Blvd |
|---|---|

| CITY:<br>Bellflower | STATE:<br>CA | ZIP CODE:<br>90706 |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Southeast Judicial___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 09/16/2022

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

09/20/2022

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ M. Ceballos _____ Deputy

COURTHOUSE ADDRESS:
Norwalk Courthouse
12720 Norwalk Blvd., Norwalk, CA 90650

PLAINTIFF:
Heather Cram

DEFENDANT:
Ally Bank et al

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
22NWCV00849

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 01/18/2023 | Time: 1:30 PM | Dept.: F |

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT  FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC, Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: _____ 09/20/2022 _____

_____ Margaret Miller Bernal / Judge
Judicial Officer

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in _____ Norwalk _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Raphael Davis
420 Exchange Suite 270

Irvine, CA 92602

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: _____ 09/20/2022 _____

By _____ M. Ceballos _____
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter V@^^

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Raphael Davis, 326269<br>Lemon-Aid Legal, APC<br>420 Exchange, Suite 270<br>Irvine, CA 92602<br>**TELEPHONE NO.:** (949) 662-2132<br>ATTORNEY FOR *(Name):* Plaintiff | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| Superior Court of California, Los Angeles County |
| 12720 Norwalk Blvd |
| Norwalk, CA 90650-3188 |

| PLAINTIFF/PETITIONER: HEATHER CRAM | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ORDERYOURCARS.COM, INC., et al. | 22NWCV00849 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>None |
|---|---|

1.  At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2.  I served copies of:

Complaint, Civil Case Cover Sheet, Summons on Complaint, Notice of Case Assignment - Unlimited Civil Case

3.  a. Party served:  ALLY BANK

    b. Person Served: CT Corp - Daisy Montenegro, Process Specialist - Person Authorized to Accept Service of Process

4.  Address where the party was served: 330 North Brand Blvd, #700
    Glendale, CA 91203
5.  I served the party
    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
    receive service of process for the party (1) on  (date): 09/21/2022          (2) at  (time): 12:30PM
6.  The "Notice to the Person Served" (on the summons) was completed as follows:

    d. on behalf of:

    ALLY BANK
    under: CCP 416.10 (corporation)
7.  **Person who served papers**
    a.  Name:       Jessica Brown
    b.  Address:    One Legal - P-000618-Sonoma
                    1400 North McDowell Blvd, Ste 300
                    Petaluma, CA 94954

    c.  Telephone number: 415-491-0606
    d.  The fee for service was: $ 40.00
    e  I am:
        (3)  registered California process server.
            (i)  Employee or independent contractor.
            (ii)  Registration No.: 2019217220
            (iii) County:  Los Angeles
8.  I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date:  09/21/2022

Jessica Brown
(NAME OF PERSON WHO SERVED PAPERS)                                    (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>OL# 18948159 |
|---|---|---|

Electronically FILED by Superior Court of California, County of Los Angeles on 10/05/2022 09:05 AM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Chanes, Deputy Clerk

Case 8:22-cv-01940  Document 1  Filed 10/21/22  Page 39 of 42  Page ID #:39

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Raphael Davis, 326269<br>Lemon-Aid Legal, APC<br>420 Exchange, Suite 270<br>Irvine, CA 92602<br>TELEPHONE NO.: (949) 662-2132<br>ATTORNEY FOR *(Name)*: Plaintiff | FOR COURT USE ONLY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>Superior Court of California, Los Angeles County<br>12720 Norwalk Blvd<br>Norwalk, CA 90650-3188 |

| | |
|---|---|
| PLAINTIFF/PETITIONER: Heather Cram | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Ordervourcars.Com. Inc.. et al. | 22NWCV00849 |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>None |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Summons on Complaint, Complaint, Civil Case Cover Sheet, Notice of Case Assignment - Unlimited Civil Case

3. a. Party served:  AMERICAN CONTRACTORS INDEMNITY COMPANY

   b. Person Served:  Anna Noveman - Person Authorized to Accept Service of Process

4. Address where the party was served:   801 S Figueroa St, 700
   Los Angeles, CA 90017

5. I served the party
   b. **by substituted service.**  On (date): 09/21/2022     at (time): 3:10PM     I left the documents listed in item 2 with or
   in the presence of:   Kerima Bidwell - Assistant Vice President - Person In Charge Of Office
       (1) (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the
       person to be served. I informed him or her of the general nature of the papers.
       (4) A declaration of mailing is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   d. on behalf of:
   AMERICAN CONTRACTORS INDEMNITY COMPANY

   under:   CCP 416.10 (corporation)

7. **Person who served papers**
   a. Name:       Devon Fitzgerald
   b. Address:     One Legal - P-000618-Sonoma
                   1400 North McDowell Blvd, Ste 300
                   Petaluma, CA 94954
   c. Telephone number: 415-491-0606
   d. The fee for service was: $   107.25
   e. I am:
       (3) registered California process server.
           (i)  Employee or independent contractor.
           (ii) Registration No. 2022016931
           (iii) County  Los Angeles

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date:  09/30/2022

Devon Fitzgerald
(NAME OF PERSON WHO SERVED PAPERS)                                             (SIGNATURE)

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | Code of Civil Procedure, § 417.10 |

**PROOF OF SERVICE OF SUMMONS**

OL# 18948158

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):*

Raphael Davis, 326269
Lemon-Aid Legal, APC
420 Exchange, Suite 270
Irvine, CA 92602

TELEPHONE NO.
(949) 662-2132

FOR COURT USE ONLY

ATTORNEY FOR *(Name):* Plaintiff

Ref. No. or File No.
None

Insert name of court, judicial district or branch court, if any:

South East District
12720 Norwalk Blvd
Norwalk, CA 90650-3188

PLAINTIFF:

Heather Cram

DEFENDANT:

Orderyourcars.Com, Inc., et al.

| **PROOF OF SERVICE BY MAIL** | | | | CASE NUMBER:<br>22NWCV00849 |

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 1400 N. McDowell Blvd, Petaluma, CA 94954.

On 10/03/2022, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

Summons on Complaint, Complaint, Civil Case Cover Sheet, Notice of Case Assignment - Unlimited Civil Case

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Petaluma, California, addressed as follows:

AMERICAN CONTRACTORS INDEMNITY COMPANY

Anna Noveman

801 S Figueroa St, 700

Los Angeles, CA 90017

I am readily familiar with the firm's practice for collection and processing of documents for mailing.  Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

Fee for Service: $ 107.25

One Legal - P-000618-Sonoma

1400 North McDowell Blvd, Ste 300

Petaluma, CA 94954

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 10/03/2022 at Petaluma, California.



Melissa Berry

OL# 18948158

Electronically FILED by Superior Court of California, County of Los Angeles on 10/05/2022 09:05 AM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Chanes, Deputy Clerk

Case 8:22-cv-01940   Document 1   Filed 10/21/22   Page 41 of 42   Page ID #:41

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| Raphael Davis, 326269<br>Lemon-Aid Legal, APC<br>420 Exchange, Suite 270<br>Irvine, CA 92602<br>**TELEPHONE NO.:** (949) 662-2132<br>ATTORNEY FOR *(Name):* Plaintiff | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF | |
|---|---|
| Superior Court of California, Los Angeles County<br>12720 Norwalk Blvd<br>Norwalk, CA 90650-3188 | |

| PLAINTIFF/PETITIONER: Heather Cram | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Orderyourcars.Com. Inc.. et al. | 22NWCV00849 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>None |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Summons on Complaint, Complaint, Civil Case Cover Sheet, Notice of Case Assignment - Unlimited Civil Case

3. a. Party served:  ORDERYOURCARS.COM, INC. d/b/a BEST BUY QUALITY CARS

    b. Person Served:  Edmond Meir Ghoulian - Person Authorized to Accept Service of Process

4. Address where the party was served:   17418 Lakewood Blvd
    Bellflower, CA 90706

5. I served the party
    b. **by substituted service.**  On (date): 09/21/2022     at (time): 12:56PM    I left the documents listed in item 2 with or
    in the presence of:   Mario DOE (Hisp/M/55-65/5'5-6/130-160/BrnH/BlueE) - Person In Charge Of Office
      (1) (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the
      person to be served. I informed him or her of the general nature of the papers.
      (4) A declaration of mailing is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
    d. on behalf of:
    ORDERYOURCARS.COM, INC. d/b/a BEST BUY QUALITY CARS

    under:   CCP 416.10 (corporation)

7. **Person who served papers**
    a. Name:      Maria J. Arellano
    b. Address:     One Legal - P-000618-Sonoma
                1400 North McDowell Blvd, Ste 300
                Petaluma, CA 94954
    c. Telephone number: 415-491-0606
    d. The fee for service was: $   107.25
    e. I am:
        (3) registered California process server.
            (i) Employee or independent contractor.
            (ii) Registration No. 2016069910
            (iii) County  Los Angeles

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 09/30/2022

Maria J. Arellano
(NAME OF PERSON WHO SERVED PAPERS)                          (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

OL# 18948157

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):*

Raphael Davis, 326269
Lemon-Aid Legal, APC
420 Exchange, Suite 270
Irvine, CA 92602

ATTORNEY FOR *(Name):* Plaintiff

TELEPHONE NO.: (949) 662-2132

FOR COURT USE ONLY

Ref. No. or File No.
None

Insert name of court, judicial district or branch court, if any:

South East District
12720 Norwalk Blvd
Norwalk, CA 90650-3188

PLAINTIFF:

Heather Cram

DEFENDANT:

Orderyourcars.Com, Inc., et al.

| **PROOF OF SERVICE BY MAIL** | | | | CASE NUMBER: 22NWCV00849 |
|---|---|---|---|---|

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 1400 N. McDowell Blvd, Petaluma, CA 94954.

On 10/03/2022, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

Summons on Complaint, Complaint, Civil Case Cover Sheet, Notice of Case Assignment - Unlimited Civil Case

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Petaluma, California, addressed as follows:

ORDERYOURCARS.COM, INC. d/b/a BEST BUY QUALITY CARS

Edmond Meir Ghoulian

17418 Lakewood Blvd

Bellflower, CA 90706

I am readily familiar with the firm's practice for collection and processing of documents for mailing.  Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

Fee for Service: $ 107.25

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 10/03/2022 at Petaluma, California.

One Legal - P-000618-Sonoma

1400 North McDowell Blvd, Ste 300

Petaluma, CA 94954



Melissa Berry

OL# 18948157